## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------
OMAR BADAWI                          :
1025 Sherman Street                  :      CIVIL ACTION No.:
Allentown, PA 18109                  :
                                     :      JURY TRIAL DEMANDED
            Plaintiff,               :
                                     :
      v.                             :
                                     :
CAITLYN AND CODY'S FUN HOUSE, LLC    :
d/b/a CAITLYN AND CODY'S DINER       :
1907 John Fries Highway              :
Quakertown, PA 18951                 :
                                     :
            Defendant.               :
------------------------------------------------------------
```

## COMPLAINT

Plaintiff Omar Badawi ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant Caitlyn and Cody's Fun House, LLC d/b/a Caitlyn and Cody's Diner ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.,* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

2.    Plaintiff also contends that the Defendant has violated the FLSA and PMWA by retaliating against him on the basis of his reports of Defendant's failure to pay him overtime pursuant to the FLSA and PMWA. Specifically, Plaintiff alleges that Defendant terminated his

employment because he registered good faith complaints of unpaid overtime compensation with Defendant.

3.    Plaintiff is a former employee of Defendant.  During the course of his employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for his work in that Plaintiff was not paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in excess of 40 hours in a work week as required by the FLSA and PMWA.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.    The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8.    Plaintiff Omar Badawi currently resides at 1025 Sherman Street, Allentown, PA 18109.

9.    Upon information and belief, Defendant Caitlyn and Cody's Fun House, LLC d/b/a Caitlyn and Cody's Diner, is a privately held company operating in the Commonwealth of

Pennsylvania which maintains a principal place of business located at 1907 John Fries Highway, Quakertown, PA 18951, and a registered corporate address of 1630 Park Avenue, Sellersville, PA 18960.

10.    Defendant is a private "employer" and covered by the FLSA and PMWA.

11.    Plaintiff was employed by Defendant at all times relevant hereto and as such, is an employee entitled to the protections of the FLSA and PMWA.  See 29 U.S.C. § 203(e); 43 P.S. § 333.103(h).

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF'S OVERTIME CLAIMS UNDER THE FLSA, PMWA, AND WPCL

12.    Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.    In or about December 2013, Plaintiff began working for Defendant in the position of Cook.

14.    Plaintiff was scheduled to work from 5:30 AM until 8:00 PM each day, Tuesday through Sunday. In addition, Defendant occasionally required Plaintiff to work the aforesaid hours on Mondays, visit grocery stores after his scheduled shift to purchase pre-determined supplies, and/or remain at work as late as 10:30 PM, dependent upon Defendant's personnel needs.

15.    From the date of his hire until in or about January 2016, Plaintiff was paid on an hourly basis.  Plaintiff's final rate of pay was $18.75 per hour.

16.    From in or about January 2016 until the date of his termination on or about June 12, 2016, Plaintiff was compensated on a salary basis, receiving a biweekly salary of $1500.

17.    Despite his scheduled hours, Plaintiff regularly worked in excess of 40 hours per week.  In a typical week, he worked 76-80 hours.

18.     Occasionally, Plaintiff would perform additional work during banquets held at Defendant's restaurant. When this happened, Defendant expressly instructed Plaintiff not to clock into Defendant's timekeeping system.

19.     Despite the fact that Plaintiff regularly worked in excess of 40 hours per week, Plaintiff did not receive overtime compensation for work performed in excess of 40 hours per week.

20.     During the time period wherein Plaintiff was compensated on an hourly basis, Plaintiff was only compensated for 40 hours of work per week, irrespective of his actual hours worked.

21.     During the time period wherein Plaintiff was compensated on a salary basis, Plaintiff received the same weekly salary regardless of the number of hours he actually worked.

22.     Defendant classified Plaintiff as "exempt" under the FLSA and PMWA and therefore determined that Plaintiff was not entitled to overtime compensation.

23.     Defendant unlawfully misclassified Plaintiff as "exempt." Plaintiff was not exempt from receiving overtime compensation.

24.     Plaintiff did not have the authority to hire and fire other employees employed by Defendant, nor were any suggestions or recommendations made by Plaintiff with respect to employee status changes given significant weight by Defendant. Thus, Plaintiff was not exempt from receiving overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

25.     Plaintiff did not exercise any discretion or independent judgment over matters of significance on behalf of Defendant. Rather, Plaintiff's primary job responsibilities consisted of routine food preparation, inventory transportation, and kitchen cleaning work. Thus, Plaintiff

was not exempt from receiving overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

26.     Finally, there are no other exemptions under the FLSA and/or PMWA which would be applicable to Plaintiff.

27.     Accordingly, Plaintiff was within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

28.     Defendant failed to pay Plaintiff a rate of at least 1.5 times his regular rate of pay for each hour that he worked in excess of 40 hours in a work week.

29.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## FACTUAL ALLEGATIONS REGARDING
## PLAINTIFF'S RETALIATION CLAIMS UNDER THE FLSA AND PMWA

30.     Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31.     In or about late 2015, Plaintiff began questioning John Henning ("Mr. Henning"), Owner, and Debbie Henning ("Ms. Henning"), Owner, regarding Defendant's failure to pay overtime compensation.

32.     By way of example, in or about late 2015, Plaintiff expressed to Mr. Henning that he felt he felt that Defendant was "robbing" him by virtue of its failure to pay him overtime compensation, and inquired "When are you going to pay me?"

33.     Plaintiff continually questioned Mr. Henning and Ms. Henning regarding Defendant's failure to pay overtime compensation throughout late 2015 and 2016.

34.     By way of additional example, in or about May 2016, Plaintiff again asked Ms. Henning why he was not receiving overtime compensation, to which she replied "I can't pay any overtime, it's not good for our taxes."

35.     Plaintiff's complaints constituted protected activity within the meaning of the FLSA in that they raised sincere concerns regarding Defendant's failure to comply with the FLSA with respect to its overtime compensation practices.

36.     On or about June 12, 2016, merely a few weeks after Plaintiff's last complaint regarding Defendant's failure to pay him overtime wages for hours worked in excess of forty (40) in a workweek, Mr. Henning abruptly terminated Plaintiff's employment, remarking "it's not working out."

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, et seq.
### FAILURE TO PAY OVERTIME COMPENSATION

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

39.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

40.     According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Despite his hours worked, Plaintiff was denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Even if Plaintiff worked in excess of 40 hours in a work week, Plaintiff

was not paid for hours worked over 40 in a workweek from the date of his hire until in or about January 2016, and was paid the same weekly salary from January 2016 until the date of his termination, rather than an overtime premium equal to 1.5 times his regular rate of pay for hours worked over 40 hours per week.

41.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

42.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

43.     Defendant is liable to Plaintiff for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216 (b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant Plaintiff the maximum relief allowed by law, including, but not limited to:

A.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours in excess of (40) forty hours per week and for all hours worked;

C.      Awarding Plaintiff back wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.     Awarding pre and post-judgment interest and court costs as further allowed by law;

G.     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333 *et seq.*

44.     Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

46.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

47.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

48.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determinate at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE,** as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant him the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. Con. Stat. § 260.1 *et seq.*

49. Paragraphs 1 through 48 are hereby incorporated by reference as though the same were fully set forth at length herein.

50. The foregoing actions and/or omissions of Defendant constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con Stat. § 260.1 *et seq.*

**WHEREFORE,** Plaintiff prays for relief to the fullest extent permitted by law including, but not limited to, the award of any and all damages Plaintiff is entitled to under applicable law.

## COUNT IV
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 215(a)(3)
### RETALIATION

51. Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52. Plaintiff engaged in protected activity under the FLSA by registering verbal complaints of unpaid overtime compensation with Mr. Henning and Ms. Henning.

53. Plaintiff suffered adverse action from Defendant as a result, including but not limited to termination of his employment with Defendant.